## King, et al. v. Herbert Bauman Lumber Company.

(Decided March 23, 1928.)

### Appeal from McCracken Circuit Court.

1. Sales.—Ordinarily, where seller has failed to deliver to purchaser goods sold, measure of damages, if purchase price has not been paid, is difference between market price of goods at time and place of delivery and contract price.

2. Sales.—Where goods which seller has failed to deliver to purchaser are not obtainable in market where delivery was to be made, it is duty of buyer to exercise reasonable diligence to obtain them elsewhere, and, in case of using diligence, he may ordinarily recover difference between agreed price and advance price which he is forced to pay.

3. Sales.—Where, at time of seller's breach of contract for sale of lumber known as "flitches," there was no market value for such particular lumber at place of delivery and buyer was compelled to go into open market and purchase lumber at additional expense, buyer was properly permitted to recover damages sustained by reason of such additional expense occasioned by repurchase in market on account of seller.

EATON & BOYD for appellants.

A. M. NICHOLS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On January 15, 1925, appellee, Herbert Bauman, doing business as the Herbert Bauman Lumber Company, purchased from appellants 25,000 feet of lumber of a specified description, known as "flitches," at $95 per 1,000 feet, f. o. b. cars, Paducah, Ky., terms to be cash less 2 per cent. within 10 days. The lumber was to be delivered within 10 or 15 days thereafter.

On January 23, 1925, appellee wrote to appellants inquiring as to when delivery would be made and, receiving no answer, again wrote on January 30, 1925. On February 3, 1925, appellants notified appellee that it would be impossible for them to manufacture and ship in any reasonable length of time any of the lumber that had been sold. On February 6, 1925, appellee wrote to appellants as follows:

"We have your letter of February 3d.

"Your statement that you cannot manufacture or ship any of this stock in any reasonable length of time is indeed a surprise. When we talked to your

Mr. Jones on the phone, on the 2d inst., he said that you would get behind our order and make every effort to have the stock ready by the middle of next week.

"Of course, it is impossible for us to wait for any indefinite period for this lumber, and your statements that you cannot furnish the same in any reasonable length of time terminate the contract.

"You trust 'that this has caused us no inconvenience.' We are sorry to have to say that it has caused us more than inconvenience, as we had sold these flitches, as you know, and we notify you hereby that we shall look to you for any loss or damage which may result from your breach of your contract with us."

Appellee immediately sought to secure in the open market the lumber which appellants had agreed to deliver to him and sent numerous letters of inquiry to lumber dealers, including dealers in Paducah, Ky. He instructed his agents who were traveling in various parts of the country to locate for him lumber of the character specified in the contract. He was unable to locate any flitches in Paducah or at any point near thereto, and finally purchased one carload in Mississippi and one in North Carolina. He then brought this action against appellants for $613.13, the amount which he claimed the flitches cost in excess of the price at which appellants agreed to furnish them. On a trial of the case the jury returned a verdict for the full amount prayed for in the petition.

As grounds for reversal the appellants contend that the trial court erred in refusing to give a directed verdict for them, and that the instructions are erroneous.

It is contended that the defendants' motion for a directed verdict should have been sustained because the plaintiff failed to show the market price of flitches at the place and date of delivery, and that the instructions are erroneous in failing to fix as a criterion of damages the difference between the contract price and the market price at the place and date of delivery. The evidence for the plaintiff shows that he endeavored to purchase at Paducah lumber of the character that had been purchased from defendants, but was unable to locate any at that place or at any point near thereto. The defendants tried to prove the market price of flitches at Paducah, but utterly failed to show there were any flitches for sale

at that place at or about the time delivery should have been made under the contract.

The ordinary rule is, where the seller has failed to deliver to the purchaser goods sold, the measure of damages, if the purchase price has not been paid, is the difference between the market price of the goods at the time and place of delivery and the contract price. But where the goods are not obtainable in the market where delivery was to be made, it is the duty of the buyer to exercise reasonable diligence to obtain them elsewhere, and where reasonable diligence and care are used in making the purchase, he may ordinarily recover the difference between the agreed price and the advanced price which he is forced to pay. Elder v. Florsheim Shoe Co., 209 Ky. 509, 273 S. W. 60; Woerman v. McKinney-Guerdy Co., 174 Ky. 521, 192 S. W. 684; Log Mountain Coal Co. v. White Oak Coal Co., 163 Ky. 842, 174 S. W. 721; and 24 R. C. L. 69-74.

The evidence clearly discloses that appellants breached the contract, and that at the time of the breach there was no market value for flitches in Paducah, and that appellee was compelled to go into the open market and purchase them at the additional expense of $613.13.

The instructions conformed to the theory that, as no market for flitches had been shown to exist in Paducah at the time the contract was breached, the plaintiff had the right to supply himself by repurchase in the market on account of the defendants, and were proper.

Appellants also complain that appellee failed to prove when the lumber was purchased to fill the contract, but the bills of lading, showing when the lumber was shipped, were introduced in evidence and show that it was purchased within a reasonable time after the contract had been breached.

Finding no error prejudicial to appellants' substantial rights, the judgment is affirmed.